IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIE J. ARMSTRONG HAMILTON, W.C. JONES, CHERYL JENKINS, BRIAN DACUS, ELROY WILLIAMS, DONALD GRIEVES, JOHN LOPEZ, JACK BROWN, JOE GRIEGER, CHERYL PRINCE, and RAYMOND BASS,<br><br>Plaintiffs,<br><br>v.<br><br>R. JAMES NICHOLSON, DEPARTMENT OF VETERANS AFFAIRS, AND PAUL PULLUM,<br><br>Defendants. | 8:03CV443<br><br><br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendants' motion to dismiss or in the alternative motion for summary judgment. Filing No. 77. Plaintiffs filed their Fourth Amended Complaint in this case, Filing No. 42, alleging employment discrimination in violation of Title VII, 42 U.S.C. § 2000e; 42 U.S.C. § 1981; Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791; and the Age Discrimination in Employment Act, 29 U.S.C. § 621. The court has carefully reviewed the record, and the brief in support of the motion to dismiss/summary judgment,[1] and the relevant caselaw. The court finds the motion should be granted and the case dismissed.

---

[1] The court notes that plaintiffs have not filed a response to the motion to dismiss/summary judgment, in spite of their request to extend the deadline and an order granting additional response time. Filing Nos. 81 and 82. The court also notes that plaintiffs are now on their fourth amended complaint; have filed motions to extend response times and motions to extend service of process deadlines too numerous to mention; and have now failed to file a responsive brief or any evidence in opposition to this motion. As the court previously noted, this case is now three years old. There is no excuse for the delays that have occurred in this case.

**Background**

In their fourth amended complaint, plaintiffs contend that plaintiff Hamilton, an African American who is over forty years of age, and all other plaintiffs, most of whom are also African American, were employed by the defendants. The complaint alleges that some of the plaintiffs filed a race claim in 1988 with the Equal Employment Opportunity Commission (EEOC) who found in plaintiffs' favor. At a later time in 1988, Hamilton then filed an EEOC claim alleging retaliation. In 1996, the EEOC directed the defendants to reinstate Hamilton. Hamilton alleges that since returning he has been subject to different terms and conditions of employment. The other plaintiffs allege the same issues have occurred with them. Some of the plaintiffs additionally allege they are disabled and require reasonable accommodations which the defendants have refused to provide to them. Hamilton also claims he has been discriminated against because he is over forty years of age. In addition, plaintiffs contend that defendants have fraudulently misrepresented records to justify their actions against the plaintiffs and further that the defendants have breached a contract with the plaintiffs to provide them certain wages and benefits.

Hamilton's initial employment ended on February 20, 1988 with the VA. He entered into a settlement agreement with the VA on August 3, 2001, and he waived all causes of action in that agreement. Filing No. 78, Pullum Decl. about Hamilton at paras. 22, 23 and Ex. 3.

### *Standards of Review*

### *A.  Motion to Dismiss*

In reviewing a complaint on a Rule 12(b)(6) motion, the court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most

favorable to the plaintiff. *See, e.g., Brotherhood of Maint. of Way Employees v. BNSF R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A dismissal is not lightly granted. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). When accepting the facts of the complaint as true, a court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). A dismissal under Rule 12(b)(6) is therefore granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). The court does not determine whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of his claim. *Doe v. Norwest Bank*, 909 F. Supp. 668, 670 (D. Minn.1995).

### B. Summary Judgment

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

The burden of establishing the non-existence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).

Once defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Facts are viewed in the light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-moving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999); *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998). In ruling on a motion for summary judgment, a court must not

weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

Summary judgment should seldom be granted in discrimination cases. *Heaser v. Toro*, 247 F.3d 826, 830 (8th Cir. 2001). In passing on a motion for summary judgment, it is not the court's role to decide the merits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (on motion for summary judgment, district court should not weigh evidence or attempt to determine truth of matter). The court must simply determine whether there exists a genuine dispute of material fact. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

**Discussion**

The court notes at the outset that plaintiffs have not responded to the motion to dismiss/summary judgment. The opposing party must "not rest upon the mere allegations or denials...but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). In addition, the local rules require the party opposing a motion for summary judgment to file a brief in response and to note disagreements with the evidence or to provide other evidence upon which the opposing party relies. NeCivR 56.1(b)(1). Failure to do so will result in the court finding that movant's statements are admitted as true. For this reason alone, the court grants defendants' motion for summary judgment. Plaintiffs have failed to prosecute this case from its inception. Defendants filed significant evidence in support of their motion. The court granted plaintiffs' counsel additional time to respond to this motion. Plaintiffs did not

so respond. Even though the court dismisses the case for failure to comply with the federal and local rules and failure to produce any evidence in opposition, the court will briefly address the merits of defendants' motion to assure that summary judgment is appropriate.

Defendants first argue that plaintiffs have failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) or because no material issue of fact exists under Fed. R. Civ. P. 56. Defendants contend that agency employees, in their individual capacities, cannot be held liable under Title VII, the Rehabilitation Act or the ADEA. 42 U.S.C. § 2000e-16(c). *Warren v. Dep't of the Army*, 867 F.2d 1156, 1158 (8th Cir. 1989); *Johnson v. U.S. Postal Service*, 861 F.2d 1475, 1478 (10th Cir. 1988) (Rehabilitation Act); *Williams v. U.S. Postal Service*, 1991 WL 629788 at *4 (E.D.N.C. Feb. 21, 1991) (Title VII); *Ellis v. U.S. Postal Service*, 784 F.2d 835, 838 (7th Cir. 1986) (ADEA and Title VII). The court agrees that agency employees, in their individual capacities, cannot be held liable. *Mathis v. Henderson*, 243 F.3d 446, 449-451 (8th Cir. 2001) (when plaintiff's state law claims against supervisor were pre-empted by her Title VII claims against the agency, the claims against the supervisor had to be dismissed, as he was immune from suit individually); *Hall v. Small Bus. Admin.*, 695 F.2d 175, 180 (5th Cir. 1983) (under Title VII, there was no cause of action against the Small Business Administration's regional or district director). Plaintiffs named Paul Pullum, Staff Attorney for the VA Omaha office, as a defendant in this action. However, the court finds the only proper defendant in this suit is Secretary of the Department of Veterans Affairs, R. James Nicholson, and because Pullum cannot be held liable under Title VII, the Rehabilitation Act, or the ADEA, Pullman is dismissed from this action.

Defendants next argue that plaintiffs failed to exhaust their administrative remedies. Failure to do so, argues defendants, bars a claim in federal court. *Brown v. GSA*, 425 U.S. 820, 832 (1976); *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999); *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995); *Morgan v. United States Postal Service*, 798 F.2d 1162, 1165 (8th Cir. 1986). Defendants contend that plaintiffs Jenkins, Dacus, Williams, Bass, Brown, Grieger, Jones, Lopez, Grieves[2], and Prince did not file with an EEO counselor nor file a formal complaint with the EEOC. The court has carefully reviewed these arguments and the evidence presented by the defendants and agrees with the defendants. Plaintiffs failed to properly exhaust their administrative remedies. See Filing No. 78. These procedures are a prerequisite to a lawsuit in federal court. Accordingly, the court finds such failure bars plaintiffs' claims in this lawsuit.

Defendants also argue that summary judgment should be entered as to Hamilton's claims. Hamilton raised discrimination claims in 1998 and 2003. The court agrees with the defendants that there is no showing that these earlier claims by Hamilton are properly before the court.[3] After losing the later claim at the administrative level, Hamilton did not file with the EEOC. Consequently, Hamilton has not exhausted his administrative remedies either. Accordingly, the court finds Hamilton's claims are without merit.

Defendants also argue that the fraud and misrepresentation, falsification of records, and contract claims should be dismissed, as Title VII is the exclusive remedy for federal

---

[2] Additionally, Grieves is apparently Caucasian, and there is no evidence on the record that reverse discrimination occurred.

[3] As previously discussed herein, Hamilton signed a settlement agreement with the defendants. This agreement fully settled all claims up and through August, 2001. For this reason, Hamilton's claims through August, 2201, are also barred.

employees who allege race, color, national origin, age or rehabilitation discrimination in the workplace. *Brown*, 425 U.S. at 832-35; *Johnson*, 861 F.2d at 1477 ; *Purtill v. Harris*, 658 F.2d 134, 137-38 (3rd Cir. 1981). Accordingly, defendants argue that these claims must be dismissed. In addition, defendants argue that plaintiffs have not identified an express contract of employment with the defendants. The court agrees, and for the reasons set forth herein, plaintiffs' claims must fail.

In conclusion, the court dismisses defendant Pullum from this case pursuant to Fed. R. Civ. P. 12(b)(1) as he is not a proper defendant. Further, the court enters summary judgment in favor of the defendants with respect to all other claims herein.

THEREFORE, IT IS ORDERED:

1. Defendants' motion to dismiss or for summary judgment, Filing No. 77, is granted and this case is dismissed.

2. A separate Judgment shall be entered in accordance with this Memorandum and Order.

DATED this 12th day of March, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief Judge